UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x   11 CV 178 (SLT)(ALC)
CLIFFORD ROGERS,
                Plaintiff,

                                                          AMENDED COMPLAINT

   -against-

                                                   JURY DEMAND


THE CITY OF NEW YORK, POLICE
OFFICER CHARLES SCHWARTZ (Shield
# 5986), POLICE OFFICER JAY RIVERA
(Shield # 3882) and POLICE OFFICER RICARDO
LEWIS (Shield # 28846),
,
                Defendants.
------------------------------------------------------------x

Plaintiff CLIFFORD ROGERS (hereinafter "plaintiff"), by his attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants, THE CITY OF NEW YORK, POLICE OFFICER CHARLES SCHWARTZ (Shield # 5986), POLICE OFFICER JAY RIVERA (Shield # 3882) and POLICE OFFICER RICARDO LEWIS (Shield # 28846) (collectively referred to as the Defendants), upon information and belief, alleges as follows:

NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §§ 1982, 1983 and 1985, [and arising under the law and statutes of the State of New York].

JURISDICTION

2.     The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity

        secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.     All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4.     As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.     All conditions precedent to the filing of this action have been complied with. On October 18, 2010, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff, was served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiff's claim was assigned the Claim No. 10PI038688.

6.     At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7.     This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the claim is based.

THE PARTIES

8. Plaintiff is a resident of the County of Kings, City and State of New York. Plaintiff is a black male of full age.

9. At all relevant times, POLICE OFFICER CHARLES SCHWARTZ (Shield # 5986), POLICE OFFICER JAY RIVERA (Shield # 3882) and POLICE OFFICER RICARDO LEWIS (Shield # 28846) (hereinafter "defendant officers") were, and upon information and belief, still are, law enforcement officers employed by the Police Department of the City of New York.

10. At all times herein, defendant officers were employed as law enforcement officers of the City of New York, State of New York, and was acting under the color of their official capacity and their acts as alleged herein, were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

11. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, through its Police Department, namely New York City Police Department, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

12. Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. On or about September 29, 2010, at approximately 07:00 p.m., in the front yard of his residence known as 452 Vermont Street, Brooklyn, New York 11207 (hereinafter "subject premises"), the plaintiff was falsely arrested without probable cause by the defendant officers.

14. At the time of the above-referenced arrest, the plaintiff was conversing with a neighbor, when the defendant officers exited from

|     |     |
| --- | --- |
|     | a police van, entered into the premises through the front gate, and accosted the plaintiff. |
| 15. | The plaintiff was accused of having been smoking marijuana. The plaintiff denied doing such a thing, and informed the defendant officers that he was not a smoker, much less a smoker of marijuana. Nevertheless, the defendant officers proceeded to search the plaintiff without any justification. Nothing illegal was found on the person of the plaintiff. The defendant officers also searched the front yard of the subject premises, presumably looking for illegal substances or items. Nothing illegal was found. |
| 16. | Despite the fact that nothing illegal was found in the premises or upon the person of the plaintiff, the defendant officers arrested the plaintiff, hand-cuffed him, and transported him to the 75th precinct. The plaintiff arrived at the 75th precinct at approximately 07:30 p.m., whereupon he was placed in a cell. |
| 17. | Approximately two hours after being placed in the cell, the plaintiff was taken out of said cell to be fingerprinted and photographed, and thereafter returned to the cell. The plaintiff remained in the cell until approximately 08:00 a.m. on September 30, 2010, at which time he was transported to Central Booking located at downtown Brooklyn on 120 Schermerhorn Street. |
| 18. | The plaintiff remained at central booking until approximately 11:15 p.m. on September 30, 2010, at which time he was released from custody. The plaintiff was not arraigned before a judge prior to his release. |
| 19. | The plaintiff later discovered that the Kings County District Attorney had declined to prosecute him. The plaintiff's arrest number was "K10693323". |
| 20. | The Kings County District Attorney declined to prosecute the plaintiff on the basis that there was "*insufficient evidence to prove* |

*that DEF* (plaintiff) *was in possession of marihuana in that alleged marihuana cigar was not recovered from DEF* (plaintiff)".

## CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

21. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 20 of this complaint as though fully set forth herein.

22. The above-described respective arrest, detention and imprisonment of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

23. As a result of the plaintiff's above-described false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

24. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

25. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

## CAUSE OF ACTION: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

26. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 25 of this complaint as though fully set forth herein.

27. Prior to and following the plaintiff's arrest, the defendants searched the plaintiff to be strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

28. As a result of the foregoing, the plaintiff was subjected to illegal and improper searches.
29. The foregoing unlawful searches violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.
30. As a consequence of said defendants' actions, the plaintiff suffered humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

### CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983

31. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 30 of this complaint as though fully set forth herein.
32. Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.
33. The individual defendants failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.
34. As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

### CAUSE OF ACTION: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE

35. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 34 of this complaint as though fully set forth herein.

36. The individual defendants created false evidence against the plaintiff.

37. The individual defendants forwarded false evidence and false information concerning the plaintiff to the prosecutors in the Kings County District Attorney's office.

38. The individual defendants provided false testimony throughout the criminal proceedings.

39. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, the defendants violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

40. As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

41. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.

42. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

43. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs,

        policies, usages, practices, procedures and rules of the City of New York and its police department.

44.   The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal acts;

b. manufacturing evidence against individuals allegedly involved in illegal acts; and

c. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

45.   The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

46.   The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

47.   Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court, in the case(s) of <u>Jose Colon v. City of New York</u>, et al (09-cv-8) and <u>Maximo Colon v. City of New York</u>, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

48. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiffs; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiffs as alleged herein, and deprived plaintiffs of the following rights, privileges and immunities secured to him/her by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained and subsequently prosecuted.

49. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned said plaintiff thereby depriving said plaintiff of his liberty without due process of law.

50. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated said plaintiffs constitutional and civil rights, and the City of New York is

        therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

51. The actual principal/agent relationship between the City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

52. The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

WHEREFORE, the plaintiff respectfully prays for judgment as follows:

1. For compensatory damages against each and all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against each and all defendants in an amount to be proven at trial;
3. For costs of suit herein, including the plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, each plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      May 19, 2011

                        LAW OFFICES OF WALE MOSAKU, P.C.

                        By:        /s/

                        Wale Mosaku (AM 5872)
                        Attorney(s) for the Plaintiff
                        25 Bond Street, 3rd Floor
                        Brooklyn, N.Y. 11201
                        (718) 243-0994

TO:

Cecilia Silver, Esq. (VIA ECF)
Assistant Corporation Counsel
City of New York Law Department
Attorney(s) for Defendants
City of New York and Police Officer Charles Schwartz
100 Church Street
New York, N.Y. 10007
(212) 788-8684

POLICE OFFICER JAY RIVERA (Shield # 3882)
Defendant Pro Se
75th Police Precinct
1000 Sutter Avenue
Brooklyn, New York 11208

POLICE OFFICER RICARDO LEWIS (Shield # 28846)
Defendant Pro Se
75th Police Precinct
1000 Sutter Avenue
Brooklyn, New York 11208